SANDERS, Chief Justice.
The defendant, Robert Earl Taylor, was tried pursuant to a bill of information charging him with armed robbery, a violation of LSA-R.S. 14:64. He was convicted after a trial by jury and was sentenced to imprisonment for a term of 25 years, without benefit of probation, parole or suspension of sentence. He now appeals this conviction and sentence, relying upon a single Bill of Exceptions, reserved to the denial of a motion in arrest of judgment.
The State, however, urges that the motion upon which the defendant relies was untimely and thus cannot be considered on appeal. Article 861 of the Louisiana Code of Criminal Procedure provides:
“A motion in arrest of judgment must be filed and disposed of before sentence. The court, on motion of the defendant and for good cause shown, may postpone the imposition of sentence for a specified period in order to give the defense additional time to prepare and file a motion in arrest of judgment.” (Italics ours).
An inspection of the record before us shows that defendant was sentenced on September 28, 1973 and that a motion for appeal was granted on October 3, 1973. It was not until January 10, 1974, that defendant filed his motion in arrest of judgment. Not only was defendant’s motion untimely under the provisions of the above Article, but the trial court lacked jurisdiction to consider the motion because of the prior order of appeal. LSA-C.Cr.P. Art. 916. The bill of exceptions thus presents nothing for our review.
Our examination of the record discloses no error discoverable by an inspection of the pleadings and proceedings, which we could note in the absence of a bill of exceptions. LSA-C.Cr.P. Art. 920.
For the reasons assigned, the conviction and sentence are affirmed.